UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FLOYD FOSTER, JR.,                         No. C-11-3923 EMC (pr)

        Petitioner,

    v.                                              **ORDER OF DISMISSAL**

SAN MATEO COUNTY SUPERIOR COURT HOUSE,

        Respondent.
_____/

Floyd Foster, Jr., filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 7-year prison sentence imposed in 1982 by the San Mateo County Superior Court. He alleges that his sentence under California Penal Code § 264.1 violated due process. The petition will be summarily dismissed for two independent reasons.

The petition must be dismissed because Foster is not in custody for the sentence he is attempting to challenge. The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a). A habeas petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Foster was not in custody for the 1982 conviction and sentence at the time he filed his federal petition. Docket # 5, p. 2. Foster does not allege that the expired conviction is being used to enhance a current sentence, but doing so would not help him. When an expired conviction is used to enhance a current sentence, the expired conviction generally cannot be challenged unless the claim is that there was a failure to appoint counsel in violation of the Sixth Amendment in the expired conviction case. *See Lackawanna County Dist. Atty. v. Coss*, 532 U.S.

1  394, 403-04 (2001). Foster does not claim he was denied appointment of counsel in the 1982 case,
2  so he does not fit within the limited exception to the general rule that the expired conviction cannot
3  be challenged.
4        The petition must be dismissed for the separate and independent reason that Foster has not
5  exhausted state court remedies for his claim. Prisoners in state custody who wish to challenge
6  collaterally in federal habeas proceedings either the fact or length of their confinement are first
7  required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings,
8  by presenting the highest state court available with a fair opportunity to rule on the merits of each
9  and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455
10 U.S. 509, 515-16 (1982). Foster has not presented his claim to the California Supreme Court.
11 *See* Docket # 5, pp. 3-4. A fully unexhausted petition, such as Foster's petition, must be dismissed.
12 *See generally Rose*, 455 U.S. at 510; *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).
13       For the foregoing reasons, the petition is dismissed.
14       Petitioner's application to proceed *in forma pauperis* is GRANTED. (Docket # 2, # 6.)
15       The Clerk shall close the file.

17       IT IS SO ORDERED.

19 Dated: December 13, 2011

                                                    EDWARD M. CHEN
                                                    United States District Judge